NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| | Civil Action No. 05-1151 (SRC) |
| | Civil Action No. 05-2369 (SRC) |
| THIS DOCUMENT RELATES TO: | |
| THE CONSOLIDATED ERISA ACTION | OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the Motion for Reconsideration filed by Defendant Merck-Medco Managed Care, LLC ("Merck-Medco") (docket item # 58). This Court has considered the submissions by the parties in connection with this motion, and pursuant to Federal Rule of Civil Procedure 78, adjudicates the motion based on the papers submitted. For the reasons discussed below, this Court denies Merck-Medco's motion for reconsideration.

**I.  BACKGROUND**

This Court entertained four motions to dismiss Plaintiffs' Consolidated Class Action Complaint. One of the motions was filed by Defendant Merck-Medco. By Order dated July 11, 2006, this Court denied Merck-Medco's motion to dismiss. The Court set forth its reasoning and analysis in an accompanying Opinion. On or about July 31, 2006, Merck-Medco timely filed the instant motion for reconsideration of the July 11, 2006 Order and Opinion denying its motion to

dismiss.[1]  Because the July 11, 2006 Opinion contains a detailed recitation of the factual background of this case, the Court will not repeat that factual synopsis here.

**II.  DISCUSSION**

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).

Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J.

---

[1] Although Local Civil Rule 7.1(i), which governs motions for reconsideration, provides that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge," Merck-Medco obtained an extension of time from the Court to file its motion on or before August 1, 2006.  See Order dated July 26, 2006 (docket item # 57).

1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

    Merck-Medco has failed to satisfy the burden imposed upon it by the standard governing motions for reconsideration.  Merck-Medco does not allege any change in controlling legal authority, nor does it argue that any previously unavailable evidence has come to light.  Instead, the argument advanced in support of the motion relies on what Merck-Medco perceives as errors in this Court's legal analysis in adjudicating the underlying motion to dismiss.

    Merck-Medco asks this Court to reconsider its denial of the motion to dismiss on the ground that the allegations as to Merck-Medco's knowledge of non-public information about Vioxx's problems are legally insufficient.  According to Merck-Medco, the allegations against it fail to state a claim because they aver that knowledge allegedly possessed by two Merck-Medco directors (Judy Lewent and Kenneth Frazier) was imputed to Merck-Medco, setting forth a theory not supported by either legal authority or factual allegations sufficient to make the necessary connection between the directors' knowledge and Merck-Medco's knowledge.  This argument does not warrant reconsideration.  It is precisely the argument that Merck-Medco already presented to the Court in support of its motion to dismiss.

    Merck-Medco's contention that the Court overlooked the particular allegations against Merck-Medco, and instead analyzed only the sufficiency of the allegations regarding knowledge possessed by Merck and the two Merck-Medco directors, is unavailing.  This position amounts to nothing more than an argument that the Court's analysis of the law and facts was, in Merck-

Medco's opinion, erroneous. It is well established that "a party seeking reconsideration must show more than disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J.1990).

Completely absent from Merck-Medco's submission to the Court in support of its motion for reconsideration, however, is any newly discovered evidence or change in controlling law, which are essential for this Court to reconsider its decision on the motion to dismiss. In short, it appears to the Court that Merck-Medco simply disagrees with the Court's conclusion that the allegations against Merck-Medco suffice to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because Merck-Medco has failed to present either material evidence that was previously unavailable or law that the Court may have overlooked in reaching that decision, this Court finds that it has not met the standard for reconsideration under Local Civil Rule 7.1(i). Accordingly, its motion will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court denies Merck-Medco's motion for reconsideration. An appropriate form of Order will be filed together with this Opinion.

                                                    s/ Stanley R. Chesler
                                             STANLEY R. CHESLER
                                             United States District Judge

DATED: October 30, 2006