UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED ERISA ACTION | Case No. 2:05-CV-01151-SRC-MAS<br>Case No. 2:05-CV-02369-SRC-MAS |

## PRELIMINARY APPROVAL ORDER

WHEREAS:

A.  Plaintiffs Blossom Smith, Cynthia Campbell, and Robert Cimato (collectively, "Plaintiffs"), acting individually and on behalf of the Settlement Class and the Plans, and Merck & Co., Inc. ("Merck"), Edward M. Scolnick, H. Brewster Atwater, Jr., Marcia J. Avedon, Derek Birkin, Lawrence A. Bossidy, William G. Bowen, Erskine B. Bowles, Johnnetta B. Cole, William M. Daley, Caroline Dorsa, Lloyd C. Elam, Charles E. Exley, Jr., Carleton S. Fiorina, Niall FitzGerald, Kenneth C. Frazier, Raymond V. Gilmartin, William B. Harrison, Jr., William N. Kelley, Judy C. Lewent, Heidi G. Miller, Bradley T. Sheares, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Dennis Weatherstone, Wendell P. Weeks, and Peter C. Wendell (collectively, the "Defendants"), have entered into a settlement of the claims asserted in the above-captioned class action (the "Action"), the terms of which are set forth in a Stipulation and Agreement of Settlement dated as of September 19, 2011 (the "Stipulation" or "Settlement");

B.  Plaintiffs and Defendants have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the settlement in accordance with the terms of the Stipulation, certification by the Court of a Settlement Class in

the Action for the Class Period October 1, 1998, through September 30, 2004, inclusive, solely for purposes of settlement and providing for notice to the Class; and

    C.  The Court having read and considered the Stipulation and exhibits thereto, including the proposed Notice of Proposed Settlement of Class Action (the "Notice") attached as Exhibit B of the Stipulation, the proposed Terms of Allocation attached as Exhibit A of the Stipulation, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.  The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and the Notice will be controlled by the language of the Stipulation.

    2.  The Court has previously certified this case as a Class Action. For the purposes of settlement only, the definition of the Class is amended and is defined as: "every person, other than Defendants: (1) who was a participant in, or beneficiary of, the Plans at any time during the Class Period; and (2) whose individual Plan accounts invested in the Merck Common Stock Fund during the Class Period. The Settlement Class includes without limitation any spouse, children, representatives, heirs, administrators, beneficiaries, alternate payees, executors, conservators, attorneys and assigns of the Settlement Class members."

    3.  The Court preliminarily approves the Settlement of this Action on the terms set forth in the Stipulation as being fair, reasonable and adequate, subject to further consideration at a hearing to be held before this Court at 10:00 a.m. on November 29, 2011, at the Martin Luther King, Jr. Federal Building & United States Courthouse, 50 Walnut Street, Newark, NJ 07101 (the "Settlement Fairness Hearing") to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; whether a judgment as provided

in Section 10 of the Stipulation should be entered herein; and whether Class Counsel's application for an award of attorneys' fees and reimbursement of expenses should be granted.

4.  The Court approves the form, substance and requirements of the Notice, and finds that the procedures established for publication, mailing and distribution of such Notice substantially in the manner and form attached hereto as Exhibit 1 constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process and Federal Rule of Civil Procedure 23.

5.  The Parties shall cause the Notice, substantially in the form attached hereto as Exhibit 1, to be mailed, by first class mail, postage prepaid, or in the case of Settlement Class members who receive communications concerning their Merck retirement investments electronically in the ordinary course of business, by electronic mail, no later than forty-five (45) days before the Settlement Fairness Hearing, to all Settlement Class members at the address of each such person as set forth in the records of Merck, or who otherwise can be identified through reasonable efforts of Merck or the Allocation Administrator. The Parties shall, at or before the Settlement Fairness Hearing, file with the Court proof of distribution of the Notice.

6.  The Parties shall cause the Notice to be published on the internet at www.MerckERISAsettlement.com no later than forty-five (45) days before the Settlement Fairness Hearing. The Parties shall, at or before the Settlement Fairness Hearing, file with the Court proof of the internet publication of the Notice.

7.  The Allocation Administrator shall be responsible for the receipt of all responses from the Settlement Class and, until further order of the Court, shall preserve all entries of appearance and all other written communications from members of the Settlement Class, nominees or any other person in response to the Notices.

8. The reasonable costs of notification to Settlement Class members, including printing, mailing and publication of all required notices, shall be paid out of the Settlement Amount.

9. The Allocation Administrator is authorized and directed to undertake the actions contemplated by Paragraph 8 of the Stipulation prior to the Final Approval Hearing, including the payment of notice costs or reimbursement of any taxes and tax expenses out of the Settlement Fund and the preparation of tax returns, without further Order of the Court.

10. Class Counsel shall submit papers in support of a Final Order approving the Settlement and their application for an award of attorneys' fees and expenses by no later than twenty-four (24) days prior to the date set for the Settlement Fairness Hearing.

11. Any member of the Settlement Class may appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; *provided, however*, that no member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and the Order to be entered approving the same unless no later than fourteen (14) days prior to the date set for the Settlement Fairness Hearing, such Settlement Class member has served by hand or by overnight delivery written objections and copies of any supporting papers and briefs upon each of the following:

| | | |
|---|---|---|
| Wayne T. Boulton<br>Izard Nobel LLP<br>29 South Main Street, Suite 215<br>West Hartford, CT 06107<br><br>*Chair of Lead Counsel Committee for Plaintiffs and the Settlement Class* | Martin L. Perschetz<br>Ronald E. Richman<br>Sung-Hee Suh<br>William H. Gussman, Jr.<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, New York 10022<br><br>*Counsel for Defendant Edward M. Scolnick* | Karin A. DeMasi<br>Cravath, Swaine & Moore LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br><br>*Counsel for Defendants Merck, H. Brewster Atwater, Jr., Marcia J. Avedon, Derek Birkin, Lawrence A. Bossidy, William G. Bowen, Erskine B. Bowles, Johnnetta B. Cole, William M. Daley, Caroline Dorsa, Lloyd C. Elam, Charles E. Exley, Jr., Carleton S. Fiorina, Niall FitzGerald, Kenneth C. Frazier, Raymond V. Gilmartin, William B. Harrison, Jr., William N. Kelley, Judy C. Lewent, Heidi G. Miller, Bradley T. Sheares, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Dennis Weatherstone, Wendell P. Weeks, and Peter C. Wendell* |

and has filed said objections, papers and briefs, showing due proof of service upon Class Counsel and Defendants' Counsel with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & United States Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101. Persons who intend to object to the Settlement and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Settlement Fairness Hearing. Any Party has the right to object to any testimony or other evidence which a Person objecting to the Settlement seeks to introduce. If any Settlement Class member hires an attorney to represent him (at his own cost and expense), the attorney must file a notice of appearance with the Clerk of Court no

later than fourteen (14) days prior to the hearing on the Settlement Fairness Hearing or as the Court may otherwise direct, and serve a copy of such notice of appearance on all counsel for the Parties. The Parties shall file their responses no later than seven (7) days prior to the date set for the Settlement Fairness Hearing.

12. Unless the Court otherwise directs, no member of the Settlement Class or other Person shall be entitled to object to the Settlement, or the Final Order to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any Person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgment in the Action.

13. The Court expressly reserves the right to adjourn the Settlement Fairness Hearing, or any adjournment thereof, without any further notice other than an announcement at the Settlement Fairness Hearing, or any adjournment thereof, and to approve the Stipulation with modification approved by the parties to the Stipulation and without further notice to members of the Settlement Class.

14. Pending final determination of whether the Settlement should be approved by entry of a Final Order, Plaintiffs, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Settlement Class's claims against any Defendant.

15. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Settlement Amount shall be under the authority of this Court.

16. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: Newark, New Jersey
October 6, 2011

Honorable Stanley R. Chesler
United States District Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation | MDL No. 1658 (SRC) |
| This Document Relates To: The Consolidated ERISA Action | Case No. 2:05-CV-01151-SRC-MAS<br>Case No. 2:05-CV-02369-SRC-MAS |

## NOTICE OF CLASS ACTION SETTLEMENT

Your legal rights might be affected if you are a member of the following class:

ALL CURRENT AND FORMER PARTICIPANTS AND BENEFICIARIES OF THE MSD EMPLOYEE SAVINGS & SECURITY PLAN (formerly known as the MERCK & CO., INC. EMPLOYEE SAVINGS & SECURITY PLAN), THE MSD EMPLOYEE STOCK PURCHASE & SAVINGS PLAN (formerly known as the MERCK & CO., INC. EMPLOYEE STOCK PURCHASE & SAVINGS PLAN), THE MSD PUERTO RICO EMPLOYEE SAVINGS & SECURITY PLAN (formerly known as the MERCK PUERTO RICO EMPLOYEE SAVINGS & SECURITY PLAN), AND THE PLAN FORMERLY KNOWN AS THE MERCK-MEDCO MANAGED CARE LLC 401(K) SAVINGS PLAN (THE "MEDCO PLAN") (COLLECTIVELY, THE "PLANS"), FOR WHOSE INDIVIDUAL ACCOUNTS THE PLANS PURCHASED AND/OR HELD SHARES OF THE MERCK COMMON STOCK FUND BETWEEN OCTOBER 1, 1998, AND SEPTEMBER 30, 2004, INCLUSIVE (THE "SETTLEMENT CLASS").

### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION FROM A LAWYER.
### YOU HAVE NOT BEEN SUED.

- U.S. District Court Judge Stanley R. Chesler of the United States District Court for the District of New Jersey (the "Court") has preliminarily approved a proposed settlement of a class action lawsuit brought under the Employee Retirement Income Security Act (often referred to as ERISA) (the "Settlement"). The Settlement will provide for payments to the Plan accounts of those members of the Settlement Class who had portions of their Plan accounts invested in the Merck Common Stock Fund and thereby suffered a loss of at least $50.00 during the Class Period. The Settlement is summarized below.

- The Court has scheduled a hearing on final approval of the Settlement and on Class Counsel's motion for attorneys' fees and expenses. That hearing before Judge Chesler has been scheduled for 10:00 a.m. on November 29, 2011, at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Building and U.S. Courthouse, 50 Walnut St., Newark, New Jersey 07101, in Courtroom PO 08 or the Courtroom then occupied by Judge Chesler.

- Any objections to the Settlement or the motion for attorneys' fees and expenses must be served in writing on Class Counsel identified on page 8 of this Notice, and on Defendants' attorneys, who are also identified on page 8 of this Notice. The procedure for objecting is described below.

- This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Stipulation and Settlement Agreement (the "Stipulation"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Stipulation. The Stipulation, along with additional information with respect to this lawsuit and the Settlement, is available at the address listed on page 2, or at www.MerckERISAsettlement.com.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING. | If the Stipulation is approved by the Court and you are entitled to receive Settlement Benefits, you do not need to do anything to receive payment. |

QUESTIONS? CALL 1-877-383-0727 TOLL FREE, OR VISIT www.MerckERISAsettlement.com.

| | |
|---|---|
| OBJECT NO LATER THAN NOVEMBER 15, 2011. | Write to the Court and explain why you do not like the Settlement. |
| FILE A NOTICE OF INTENTION TO APPEAR BY NOVEMBER 15, 2011, AND GO TO THE HEARING ON NOVEMBER 29, 2011. | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeals.

Further information regarding this litigation ("the Litigation") and this Notice may be obtained by contacting the Allocation Administrator:

| BY MAIL: | BY PHONE: | ONLINE: |
|---|---|---|
| Merck ERISA Settlement | 1-877-383-0727 | www.MerckERISAsettlement.com |
| c/o Gilardi & Co., LLC | | |
| P.O. Box 990 | | |
| Corte Madera, CA 94976-0990 | | |

## WHAT THIS NOTICE CONTAINS

**SUMMARY OF SETTLEMENT**   3

**BASIC INFORMATION**   4

1. Why did I get this Notice package? ............................ 4
2. What is the Litigation about? ....................................... 4
3. Why is this case a class action? ................................... 5
4. Why is there a Settlement? .......................................... 5
5. How do I know whether I am part of the Settlement? ............................ 5

**THE SETTLEMENT BENEFITS - WHAT YOU GET**   6

6. What does the Settlement provide? .............................. 6
7. How much will my payment be? .................................. 6
8. How will I receive a payment? ..................................... 7
9. When would I get my payment? ................................... 7
10. Can I get out of the Settlement? ................................... 7

**THE LAWYERS REPRESENTING YOU**   7

11. Do I have a lawyer in the case? .................................... 7
12. How will the lawyers be paid? ...................................... 7
13. How do I tell the Court that I don't like the Settlement? ............................ 7

**THE COURT'S FAIRNESS HEARING**   8

14. When and where will the Court decide whether to approve the Settlement? ........ 8
15. Do I have to come to the hearing? ................................ 8
16. May I speak at the hearing? ......................................... 8

**IF YOU DO NOTHING**   8

17. What happens if I do nothing at all? ............................. 8

**GETTING MORE INFORMATION**   8

18. Are there more details about the Settlement? ................ 8

This Litigation is a consolidated case in which Plaintiffs allege that Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plans under the Employee Retirement Income Security Act of 1974 ("ERISA"). Copies of the Litigation's operative Complaint and other documents filed in the Litigation are available at **www.MerckERISAsettlement.com.**

## SUMMARY OF SETTLEMENT

1. A Settlement Fund consisting of $49.5 million dollars (the "Settlement Amount") is being established in the Litigation.

2. The net amount in the Settlement Fund, including interest, and after payment of any taxes, expenses, Court-approved incentive awards to Plaintiffs who served as Class Representatives, and Court-approved attorneys' fees and costs, will be allocated to Settlement Class members according to Terms of Allocation approved by the Court.

### Statement of Potential Outcome of the Litigation

As with any litigated case, Plaintiffs would face an uncertain outcome if the Litigation were to continue. Continuing the Litigation against Defendants could result in a judgment or verdict greater or lesser than the recovery under the Stipulation, or in no recovery at all, or in a judgment or verdict in favor of Defendants.

Throughout this Litigation, Plaintiffs and Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if Plaintiffs were to prevail at trial. Defendants have denied and continue to deny all claims and contentions alleged by Plaintiffs, that they are liable at all to the Settlement Class, and that the Settlement Class or the Plans have suffered any damages for which Defendants could be legally responsible. Nevertheless, Defendants have taken into account the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the Litigation be fully and finally settled on the terms and conditions set forth in the Stipulation.

### Statement of Attorneys' Fees and Costs Sought in the Litigation

Class Counsel in the Litigation will apply to the Court for an order awarding attorneys' fees not in excess of thirty-three and one-third percent (33 1/3%) of the Settlement Amount, plus reimbursement of expenses. Any amount awarded will be paid from the Settlement Fund. Defendants have not agreed to the amount of fees that will be requested by Class Counsel and will not take any position on that matter before the Court.

### Further Information

A toll-free phone number has been established to receive your comments and questions: **1-877-383-0727**. More information regarding the Litigation and this Notice may be obtained at **www.MerckERISAsettlement.com**.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |

You or someone in your family are, or may have been, a participant in or beneficiary of one of the Plans.

The Court caused this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and all of the options available to you, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be allocated among Settlement Class members according to Court-approved Terms of Allocation. This Notice package describes the Litigation, the Settlement, your legal rights, what benefits are available, who is eligible for those benefits, and how to get them.

The Court in charge of this case is the United States District Court for the District of New Jersey. The people who sued are called "Plaintiffs," and the people they sued are called "Defendants." Plaintiffs who served as Class Representatives in the Litigation are Blossom Smith and Cynthia Campbell. Defendants are: Merck & Co., Inc. ("Merck"), Edward M. Scolnick, H. Brewster Atwater, Jr., Marcia J. Avedon, Derek Birkin, Lawrence A. Bossidy, William G. Bowen, Erskine B. Bowles, Johnnetta B. Cole, William M. Daley, Caroline Dorsa, Lloyd C. Elam, Charles E. Exley, Jr., Carleton S. Fiorina, Niall FitzGerald, Kenneth C. Frazier, Raymond V. Gilmartin, William B. Harrison, Jr., William N. Kelley, Judy C. Lewent, Heidi G. Miller, Bradley T. Sheares, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Dennis Weatherstone, Wendell P. Weeks, and Peter C. Wendell. The legal action that is the subject of this Notice and the Settlement is known as the Consolidated ERISA Action (the "Litigation"), captioned *In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*, Nos. 2:05-CV-01151-SRC-MAS, 2:05-CV-02369-SRC-MAS, in the United States District Court for the District of New Jersey, in which Plaintiffs alleged various breaches of Defendants' fiduciary duties under the Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. § 1104 and § 1107 ("ERISA").

| 2. | What is the Litigation about? |

**The Claims in the Litigation**

The Litigation claims that Defendants were fiduciaries of the Plans and violated fiduciary duties of loyalty, care and prudence under ERISA that they owed to participants in the Plans regarding the Plans' investment of assets in the Merck Common Stock Fund ("MCSF"). In the Complaint, Plaintiffs asserted causes of action for the losses they allege were suffered by the Plans as the result of the alleged breaches of fiduciary duty by Defendants.

Participants in the Plans were able to allocate their account balances among various investment funds. The investment funds included the MCSF, which primarily invested in Merck common stock. Many Plan participants chose to have contributions to the Plans invested in the MCSF. In addition, Merck made matching contributions, some of which were automatically invested in the MCSF.

The Complaint in the Litigation alleges that Merck and other fiduciaries of the Plans violated ERISA by, among other things, (1) failing to prudently manage the assets of the Plans, (2) failing to provide required disclosures to the participants and beneficiaries of the Plans and (3) failing to properly appoint, monitor and inform other fiduciaries of the Plans. Plaintiffs allege that Defendants knew or should have known that Merck stock was not a prudent retirement investment during the Class Period as a result of alleged misrepresentations and nondisclosures concerning material adverse information relating to the development, marketing and sale of Vioxx, and that Defendants acted imprudently by not preventing further investment in Merck stock and not liquidating the Plans' MCSF holdings. Plaintiffs also assert that certain Defendants violated their alleged fiduciary duties by failing to provide Plan participants with complete and accurate information about Merck and the risks posed by Vioxx to Merck stock.

**The Defenses in the Litigation**

Defendants deny all wrongdoing and maintain that they have liability to the Plans or its participants or beneficiaries. If the Litigation were to continue, the Court would have to consider Defendants' numerous defenses to liability, including the following:

- Under relevant law, the fiduciaries in this case are presumed to have acted prudently in offering the MCSF as an investment option, and that presumption cannot be overcome against these fiduciaries as a matter of law.
- At all relevant times, Defendants fully and prudently discharged their fiduciary duties under ERISA.
- Plaintiffs did not, and could not, prove the elements of certain claims as a matter of law.
- Plaintiffs did not, and could not, prove damages as a matter of law.
- Defendants are shielded from liability by ERISA Section 404(c), 29 U.S.C. § 1104(c), which provides a "safe harbor" from liability "for any loss, or by reason of any breach, which results from such participant's or beneficiary's exercise of control" over his or her own account.

**The Litigation Has Been Aggressively Litigated**

Class Counsel conducted an extensive investigation of the allegations in the Litigation and of the losses suffered by the Plans. In addition, through that investigation and through discovery of information in the Litigation, Class Counsel have obtained and reviewed millions of pages of documents, including Plan governing documents and materials, communications with Plan participants, internal Merck documents regarding the Plans, SEC filings, press releases, public statements, news articles and other publications, and other documents regarding the underlying corporate issues that the Plaintiffs allege made investment of the Plans' assets in the MCSF imprudent.

Class Counsel previously opposed a motion by Defendants to dismiss the Plaintiffs' complaint. The Court granted in part and denied in part that motion, including dismissing certain claims originally asserted by Plaintiffs.

Class Counsel filed a motion for certification of the Litigation as a class action. The Court granted that motion as to certain claims, but narrowed the definition of the class, and denied the motion with respect to other claims.

Class Counsel drafted and served on Defendants numerous discovery requests, and has prepared and served responses to written discovery requests made by Defendants. Counsel for both sides took multiple depositions and retained proposed experts to investigate the facts, develop opinions, and prepare formal reports concerning the merits of the Litigation and estimates of the extent and scope of losses, damages and available relief.

Before the Settlement was reached, Defendants filed a motion asking the Court to grant summary judgment in Defendants' favor (which would deny any recovery to the Settlement Class) because, among other grounds, Defendants did not breach their fiduciary duties under ERISA. Plaintiffs also filed a motion asking the Court to grant partial summary judgment in Plaintiffs' favor on the proper legal standard for their claims, and filed another motion asking the Court to reconsider its denial of class certification on one of Plaintiffs' claims. The Court has not decided these motions.

**Settlement Discussions**

This Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel, aided by the services of a private mediator. Throughout the settlement negotiations, Class Counsel and Defendants were advised by various consultants and experts, including individuals with expertise in ERISA fiduciary liability issues, insurance coverage issues, and the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

| 3. | **Why is this case a class action?** |
|---|---|

In a class action, one or more plaintiffs, called "class representatives" sue on behalf of people who have similar claims. All of these people who have similar claims collectively make up the "Class" and are referred to individually as "Class Members." One court resolves the issues for all Class Members together. Because the wrongful conduct alleged by Plaintiffs in this Litigation affected a large group of people in a similar way, the Plaintiffs filed this case as a class action. U.S. District Judge Stanley R. Chesler is presiding over this case, and conditionally certified the Settlement Class in its Preliminary Order setting the Fairness Hearing.

| 4. | **Why is there a Settlement?** |
|---|---|

The Court has not reached any final decisions regarding the claims in this Litigation. The Plaintiffs and Defendants have agreed to a settlement, which avoids the time, cost, and uncertainty of a trial. As with any litigated case, if this case went to trial, the outcome would be uncertain. On the one hand, continuation of the case against Defendants could result in a verdict greater than this Settlement. On the other hand, continuing the case against them could result in a verdict for less money than Plaintiffs have obtained in this Settlement, or even no recovery at all. Based on these factors, the Plaintiffs and Class Counsel in this case think the Settlement is best for all Settlement Class members.

| 5. | **How do I know whether I am part of the Settlement?** |
|---|---|

The proceeds of this Settlement will be allocated only to members of the Settlement Class, and then only according to Court-approved Terms of Allocation. You are a member of the Settlement Class if you fall within the definition of the Settlement Class approved by United States District Judge Stanley R. Chesler:

> All current and former participants and beneficiaries of the Plans, for whose individual accounts the Plans purchased and/or held shares of the Merck Common Stock Fund at any time from October 1, 1998, to September 30, 2004, inclusive.

If you are a member of the Settlement Class, the amount of money you will receive, if any, will depend upon the Court-approved Terms of Allocation, described below in Section 7.

## THE SETTLEMENT BENEFITS: WHAT YOU GET

| 6. | **What does the Settlement provide?** |
|---|---|

A Settlement Fund consisting of forty-nine and one-half million dollars in United States currency ($49.5 million) is being established in the Litigation. The net amount in the Settlement Fund, including interest, and after payment of, and establishment of reserves for, any taxes and Court-approved costs, fees, and expenses (the "Net Settlement Amount") will be allocated to the members of the Settlement Class according to Terms of Allocation approved by the Court.

All Settlement Class members and anyone claiming through them are deemed to fully release the Defendants and their officers, directors, employees, attorneys, heirs, assigns and agents for claims that were or could have been asserted in the Litigation. This means that Settlement Class members will not have the right to sue the released parties for anything related to the investment of Plan assets in Merck stock or to other alleged fiduciary misconduct during the Class Period concerning the Plans, if that misconduct was or could have been the basis of a claim in the Litigation.

The above description of the operation of the Settlement is only a summary. The governing provisions are set forth in the Stipulation (including its exhibits), which may be obtained at **www.MerckERISAsettlement.com** or by contacting the Allocation Administrator using the contact information listed on page 2 above.

| 7. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Amount will depend on your alleged loss, compared to other Class members' alleged losses, related to Plan investments in the MCSF during the period from October 1, 1998 through and including September 30, 2004 (except for participants in the Merck-Medco plan, in which case the relevant period for calculating losses ends on August 12, 2003, the effective date of the Medco spinoff). Each Settlement Class member's share of the Net Settlement Amount will be determined using Court-approved Terms of Allocation. Because the Net Settlement Amount is less than the total losses alleged by the Class, each

Class member's proportionate recovery will be less than his or her alleged loss. You are not responsible for calculating the amount you may be entitled to receive under the Settlement. This calculation will be done as part of the implementation of the Settlement. In general, your proportionate share of the Net Settlement Amount will be calculated as follows:

- The "Net Loss" for each member of the Settlement Class will be calculated as the sum of (a) and (b), minus the sum of (c), (d) and (e), where: (a) is the dollar amount of the member's Plan account balance invested in the MCSF at the beginning of the Class Period, (b) is the dollar amount additionally invested in the MCSF through the member's Plan account during the Class Period, (c) is the dollar amount of all dispositions of the MCSF during the Class Period credited to the member's Plan account balances, (d) is the dollar value, if any, of shares of Medco stock received on or about August 19, 2003, in connection with the Medco spinoff, and (e) is the dollar value, if any, of the balance in the MCSF remaining on the earliest of: (1) the last day of the Class Period, September 30, 2004, or, in the case of participants in the Medco Plan, August 12, 2003, or (2) the date, if any, the member received a complete distribution (including, if applicable, any transfer or rollover to an IRA or a retirement plan other than the Plans) from his or her individual account.

- Participants' Net Losses will be aggregated to yield the overall loss of the Plans over the Class Period (the "Plans' Loss").

- Each participant will be assigned an Alleged Net Loss Percentage, showing the percentage of the participant's Net Loss in relation to the Plans' Loss.

- The Allocation Administrator shall then calculate for each Settlement Class member his "Preliminary Individual Dollar Recovery", or personal share of the Net Settlement Amount, by multiplying the Settlement Class member's Alleged Net Loss Percentage by the Net Settlement Amount.

- All Settlement Class members whose Preliminary Individual Dollar Recovery is less than or equal to fifty dollars ($50.00) shall be deemed to have a final share of the Net Settlement Amount of zero. The Allocation Administrator shall then recalculate the Alleged Net Loss Percentages of the Settlement Class members whose Preliminary Individual Dollar Recovery was greater than $50.00, so as to arrive at each such Settlement Class member's "Settlement Benefit". The sum of the Settlement Benefits must equal the Net Settlement Amount.

**Do not worry if you do not have records that show your Plan activity.** If you are entitled to a share of the net Settlement Fund, you will receive a statement showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact the Allocation Administrator using the contact information listed on page 2 above.

| 8. | How will I get my payment? |

Payment will be made to the Plan in which you participated. If you are a current Plan participant, distributions will be made to the default fund for your Plan. If you are not a current Plan participant, an account will be established for you in the Plan in which you participated, and will be invested in the default fund for your Plan.

If you want to take the payment out of your account and receive it as cash, you must be eligible to do so under the terms of your Plan. Contact your Plan's recordkeeper for more information on distributions from your Plan. For the Medco Plan, the recordkeeper is Hewitt. For the rest of the Plans, the recordkeeper is Fidelity. If you do not know how to contact your Plan's recordkeeper, please contact the Allocation Administrator using the contact information listed on page 2 above.

If you believe you are a member of the Settlement Class and are worried that the Plans may not have your current address, please contact the Allocation Administrator using the contact information listed on page 2 above.

| 9. | When would I get my payment? |

Payment is conditioned on several matters, including the Court's Final Order approving the Settlement and such Order becoming no longer subject to any appeals to any court. Upon satisfaction of various conditions, the Net Settlement Amount will be allocated to Settlement Class members pursuant to the Terms of Allocation (described in the Answer to Question No. 7, above) as soon as possible after Final Approval has been obtained for the Settlement (which, as noted, includes exhaustion of any appeals). Any appeal of the Final Order could take several years. Any accrued interest on the money in the Settlement Fund will be included in the amount allocated to Settlement Class members.

**There will be no payments if the Settlement is terminated.** The Settlement may be terminated for any of several reasons, including if (1) the Court does not approve, or materially modifies, the Settlement, or (2) either as modified by the Court, or as a result of reversal or modification on appeal, the Court's Final Order in the case does not satisfy certain terms of the Settlement. If the Settlement is terminated, it will be invalid and the Litigation will proceed as if the Settlement had never existed.

| 10. | Can I get out of the Settlement? |

**You do not have the right to exclude yourself from the Settlement.** The Litigation was certified under Federal Rule of Civil Procedure 23(b)(1) as a non-"opt-out" class action. Thus, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Litigation for all claims that were or could have been asserted in the Litigation or are otherwise included in the release under the Settlement.

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve it. See the Answer to Question No. 13, below.

## THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in the case? |

The Court has appointed lawyers called "Class Counsel" to represent the Plaintiffs and the Class in this Litigation. You will not be charged directly by these lawyers. Class Counsel in this case includes Wayne T. Boulton, Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107; Lynn Lincoln Sarko, Keller Rohrback LLP, 1201 Third Avenue, Suite 3200, Seattle, WA 98101; Marc I. Machiz, Cohen Milstein Sellers & Toll PLLC, 255 South 17th Street, Suite 1307, Philadelphia, PA 19107; Joseph H. Meltzer, Kessler Topaz Meltzer & Check LLP, 280 King of Prussia Road, Radnor, PA 19087; Lisa J. Rodriguez, Trujillo Rodriguez & Richards LLC, 258 Kings Highway East, Haddonfield, NJ 08033.

If you want to be represented by your own lawyer, you may hire one at your own expense.

| 12. | How will the lawyers be paid? |

Class Counsel will file a motion for the award of attorneys' fees and expenses. This motion will be considered at the Fairness Hearing (described in the Answer to Question No. 14, below). As previously described, Class Counsel is requesting an award of attorneys' fees of not more than thirty-three and one-third percent (33 1/3%) of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Litigation. Defendants have not agreed to the amount of fees that will be requested by Class Counsel and will not take any position on that matter before the Court.

### Objecting to the Settlement or the Attorneys' Fees

You can tell the Court that you do not agree with the Settlement or some part of it, including the attorneys' fees and expenses the Class Counsel intends to seek. Plaintiffs' motion for an award of attorneys' fees and expenses and case contribution awards will be filed with the Court by November 4, 2011, and posted on **www.MerckERISAsettlement.com** by November 7, 2011.

| 13. | How do I tell the Court if I don't like the Settlement? |

If you are a Settlement Class member, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. To object, you must send a letter or other written filing saying that you object to the Settlement in *In re Merck & Co., Inc. ERISA Litigation*, Nos. 2:05-CV-01151 and 2:05-CV-02369. Be sure to include your name, address, telephone number, signature, and a full explanation of all the reasons you object to the Settlement. **Your written objection must be served on (sent to) the following counsel and must be postmarked by no later than November 15, 2011:**

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Wayne T. Boulton | Karin A. DeMasi |
| Izard Nobel LLP | Cravath, Swaine & Moore LLP |
| 29 South Main Street, Suite 215 | 825 Eighth Avenue |
| West Hartford, CT 06107 | New York, NY 10019-7475 |
| | |
| Lynn Lincoln Sarko | William R. Stein |
| Keller Rohrback LLP | Eric S. Parnes |
| 1201 Third Avenue, Suite 3200 | Hughes Hubbard & Reed LLP |
| Seattle, WA 98101 | 1775 I Street, NW |
| | Washington, DC 20006-2401 |
| Marc I. Machiz | |
| Cohen Milstein Sellers & Toll PLLC. | Martin L. Perschetz |
| 255 South 17th Street, Suite 1307 | Ronald E. Richman |
| Philadelphia, PA 19107 | Sung-Hee Suh |

| | |
|---|---|
| Joseph H. Meltzer<br>Kessler Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | William H. Gussman, Jr.<br>Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, New York 10022 |
| Lisa J. Rodriguez<br>Trujillo Rodriguez & Richards LLC<br>258 Kings Highway East<br>Haddonfield, New Jersey 08033 | Sheila A. Sadighi<br>Sarah Blaine<br>Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, New Jersey 07068 |

You must also file your objection with the Clerk of the United States District Court for the District of New Jersey. The address is: Clerk of the U.S. District Court for the District of New Jersey, Martin Luther King, Jr. Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101. **Your objection must be postmarked no later than November 15, 2011.**

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable and adequate (the "Fairness Hearing"). You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend.

**14.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing at 10:00 a.m. on November 29, 2011, at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, in Courtroom PO 08 or the Courtroom then occupied by United States District Judge Stanley R. Chesler. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses. We do not know how long these decisions will take.

**15.   Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Chesler might have, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, it will be considered by the Court when the Court decides whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but that is not necessary either.

**16.   May I speak at the hearing?**

If you are a Settlement Class member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re Merck & Co., Inc. ERISA Litigation*, Nos. 2:05-CV-01151 and 2:05-CV-02369." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on (sent to) the attorneys listed in the Answer to Question No. 13, above, postmarked no later than November 15, 2011, and must be filed with the Clerk of the Court at the address listed in the Answer to Question No. 14 by the same date.

## IF YOU DO NOTHING

**17.   What happens if I do nothing at all?**

If you are a Settlement Class member and the Settlement is approved, you will receive the payment, if any, to which you are entitled. If the Settlement is approved and the Allocation Administrator is unable to find a valid mailing address for you for three years after the Final Approval, you will forfeit any payments to which you are entitled.

## GETTING MORE INFORMATION

**18.   Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. The complete settlement provisions are set forth in the Stipulation (including exhibits). You may obtain a copy of the Stipulation by making a written request to the Allocation Administrator using the contact information on page 2 above. Copies may also be obtained at **www.MerckERISAsettlement.com.** The Settlement also was filed with the Clerk of the Court and may be obtained from the Clerk's office directly.

QUESTIONS? CALL 1-877-383-0727 TOLL FREE, OR VISIT www.MerckERISAsettlement.com. .